**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARWIN NATIONAL ASSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:14-2417** |
| | : | |
| **v.** | : | |
| | : | **(JUDGE MANNION)** |
| **LUZERNE COUNTY TRANSPORTATION AUTHORITY, STANLEY J. STRELISH and ROBB A. HENDERSON,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Presently before the court are: (1) a motion for summary judgment filed on behalf of the plaintiff, Darwin National Assurance Company, now known as Allied World Specialty Insurance Company, ("Darwin") (Doc. 26); (2) a cross-motion for summary judgment filed on behalf of the defendant Stanley J. Strelish ("Strelish"), (Doc. 31); and (3) a cross-motion for summary judgment filed on behalf of the defendant Robb A. Henderson ("Henderson"), (Doc. 28). For the reasons stated in the Memorandum issued this same day,

**IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff Darwin's motion for summary judgment, (Doc. 26), is **GRANTED** in part, and **DENIED** in part;

**(2)** The defendant Henderson's cross-motion for summary judgment, (Doc. 28), is **DENIED**;

**(3)**   The defendant Strelish's cross-motion for summary judgment, (Doc. 31), is **DENIED**;

**(4)**   Insuring Agreement I.A(2), and not Insuring Agreement I.A(1), of the Darwin National Assurance Company policy numbered 0202-3238 and issued to defendant Luzerne County Transportation Authority for the period January 1, 2014 to January 1, 2015 (the "Policy") governs the plaintiff's obligations with respect to the matter of <u>Commonwealth of Pennsylvania v. Robb A. Henderson</u>, No. CP-22-CR-4801-2014 (Court of Common Pleas of Dauphin County, Pennsylvania) (the "Henderson Criminal Proceeding");

**(5)**   Pursuant to the Exclusion set forth at Section III.A. of the Policy, there is no coverage under the Policy for the matter captioned as <u>Commonwealth of Pennsylvania v. Stanley J. Strelish</u>, No. CP-22-CR-4802-2014 (Court of Common Pleas of Dauphin County, Pennsylvania), and the plaintiff Darwin has no obligation in connection with that matter to reimburse defendant Strelish for any "Defense Expenses" he has incurred or may yet incur, or to indemnify defendant Strelish.

**(6)**   Pursuant to the Exclusion set forth at Section III.A. of the Policy, plaintiff Darwin has the right to the reimbursement from defendant Strelish of the $50,000.00 in "Defense Expenses" that it previously paid to him under the Policy, and by separate document filed herewith, final judgment shall accordingly be entered in favor of plaintiff Darwin and against defendant Strelish in the amount of $50,000.00;

**(7)**   The plaintiff Darwin is obligated to reimburse defendant Henderson's "Defense Expenses," as that phrase is defined in the Policy, that Henderson incurs in the Henderson Criminal Proceeding, subject to all of the terms, conditions, limitations and exclusions of the Policy, up to a maximum of $100,000.00;

**(8)**   Defendant Henderson's counterclaim for bad faith against plaintiff Darwin pursuant to 42 Pa.C.S.A. §8371 is **DISMISSED WITH PREJUDICE**; and

**(9)**    Defendant LCTA's counterclaim against plaintiff Darwin for breach of contract is **DISMISSED WITH PREJUDICE**.

**(10)**   The clerk is directed to close the case.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 30, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2417-01-order -- VERSION 2.wpd

3